IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| CHARLES BERNSTEIN, JR., <br> INDIVIDUALLY AND ON BEHALF OF <br> ALL OTHERS SIMILARLY SITUATED, | § § § § § § | |
| VS. | § § § § | CIVIL NO. 7:18-cv-00097-DC |
| BUCKEYE, INC. | § | |

**PROPOSED JURY CHARGE, JURY INSTRUCTIONS,
JURY QUESTIONS AND VERDICT FORM**

TO THE HONORABLE JUDGE OF SAID COURT:

    Plaintiff submit this Proposed Jury Charge, Jury Instructions, Jury Questions and Verdict Form as follows. Plaintiff request the Court to charge the jury with each of the instructions and to submit to the jury each of the questions submitted as follows.

                                                          Respectfully submitted,

                                                          /s/ William S. Hommel, Jr.
                                                          William S. Hommel, Jr.
                                                          State Bar No. 09934250
                                                          bhommel@hommelfirm.com
                                                          HOMMEL LAW FIRM
                                                          5620 Old Bullard Road, Suite 115
                                                          Tyler, Texas 75703
                                                          (903) 596-7100
                                                          (469) 533-1618fax

                                                          ATTORNEY FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above and foregoing instrument has been served on all counsel of record in accordance with the Rules of Civil Procedure on this 17th day of September, 2020.

                                                */s/ William S. Hommel, Jr.*
                                                William S. Hommel, Jr.

## I.     PRELIMINARY INSTRUCTIONS

**A.     Preliminary Instructions to Jury**
         (Fifth Circuit Pattern Jury Instructions 1.2)

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these

issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, Charles Bernstein, Jr. will present his case through witness testimony and documentary or other evidence. Next, Buckeye, Inc. will have an opportunity to present its case. Plaintiff may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments. Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.

Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, my instructions, and the closing arguments.

## II. GENERAL INSTRUCTIONS

**A.   Witnesses**
(Fifth Circuit Pattern Instructions 3.4)

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of wit- nesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness

**B.     Stipulations of Fact**
(Fifth Circuit Pattern Jury Instructions 2.3)

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

**C.     Demonstrative Evidence**
(Fifth Circuit Pattern Jury Instructions 2.8)

Exhibits are an illustration. It is a party's description used to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection.

**D.     Impeachment By Witnesses' Inconsistent Statements**
(Fifth Circuit Pattern Jury 2.11)

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**E.     Deposition Testimony**
(Pattern Instruction 2.13)

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circum- stances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Sometime before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been shown to you today. This deposition testimony is entitled to the same consideration and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

**F.     Bias—Corporate Party Involved**
(Pattern Instruction 2.16)

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

## III. FLSA

A. (Pattern Instructions 11.24)

Plaintiffs claim that Defendant Buckeye, Inc. did not pay Plaintiffs overtime wages as required by the federal Fair Labor Standards Act, also known as the FLSA.

Defendant Buckeye, Inc. denies Plaintiffs' claims and contends that they were properly classified as independent contractors, not as employees.

It is unlawful for an employer to require an employee covered by the FLSA to work more than 40 hours in a workweek without paying overtime.

To succeed on their claims, Plaintiffs must prove each of the following facts by a preponderance of the evidence:

1. Plaintiffs were employees of Defendant Buckeye, Inc. during the relevant period;
2. Plaintiffs were engaged in commerce or in the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce that had gross annual sales of at least $500,000.00 for during the relevant period; and
3. Defendant Buckeye, Inc. failed to pay Plaintiffs the overtime pay required by law.

The only contested element of Plaintiffs' claims is whether Plaintiffs were employees of Defendant Buckeye, Inc.

The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. A "workweek" is a regularly recurring period of seven days or 168 hours. The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business.
If an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for the time worked after the first 40 hours. This is commonly known as "time-and-a-half pay" for overtime work.

To calculate how much overtime pay Plaintiffs earned in a particular week, multiply regular rate of pay by one-and-one-half times the regular rate for all hours worked over 40 in that week.

The law requires an employer to keep records of how many hours its employees work and the amount they are paid. In this case, Plaintiffs claim that Defendant Buckeye, Inc. failed to keep and maintain adequate records of their hours worked. Plaintiffs also claim that Defendant Buckeye, Inc.'s failure to keep and maintain adequate records has made it difficult for Plaintiffs to prove the exact amount of their claim.

If you find that Defendant Buckeye, Inc. failed to keep adequate time and pay records for Plaintiffs and that Plaintiffs performed work for which they should have been paid, Plaintiffs may recover a reasonable estimation of the amount of their damages. But to recover this amount,

Plaintiffs must prove by a preponderance of the evidence a reasonable estimate of the amount and extent of the work for which they seek pay

   B. Employee or Independent Contractor
      (Pattern Instructions 11.26)

It is not always clear whether the law considers someone an "employee," and it is not always clear who the law considers someone's "employer." Some people perform services for others while remaining self-employed as independent contractors.

In this case, you must decide whether Plaintiffs were employees of Defendant Buckeye, Inc. or an independent contractor. You should answer this question in light of the economic realities of the entire relationship between the parties. There are a number of factors you must consider, based on all the evidence in the case.

The factors are as follows:

1. Who controls Plaintiffs' work. In an employer/employee relationship, the employer has the right to control the employee's work, to set the means and manner in which the work is done, and to set the hours of work. In contrast, an independent contractor generally must accomplish a certain work assignment within a desired time, but the details, means, and manner by which the contractor completes that assignment are determined by the independent contractor, normally using special skills necessary to perform that kind of work.

2. How Plaintiffs are paid. An employer usually pays an employee on a time-worked, piecework, or commission basis, and an employer usually provides vacation or sick time, insurance, retirement, and other fringe benefits to the employee. An independent contractor is ordinarily paid an agreed or set amount, or according to an agreed formula, for a given task or job, and no benefits are provided.

3. How much risk or opportunity Plaintiffs have. An independent contractor is generally one who has the opportunity to make a profit or faces a risk of taking a loss. But an employee is generally compensated at a predetermined rate, has no risk of loss, and has social security taxes paid by the employer.

4. Who provides Plaintiffs' tools, equipment, and supplies. An independent contractor usually provides the tools, equipment, and supplies necessary to do the job, but an employee usually does not.

## IV. DAMAGES

**A.**    **Consider Damages If Necessary**
      (Fifth Circuit Instruction No. 15.1, modified to reflect the facts of case)

If Charles Bernstein, Jr. has proven his claim against Buckeye, Inc. by a preponderance of the evidence, you must determine the damages to which he is entitled. You should not interpret the fact that I have given instructions about Charles Bernstein, Jr.'s damages as an indication in any way that I believe that he should, or should not win this case. It is your task first to decide whether Buckeye, Inc. is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Buckeye, Inc. is liable and that Charles Bernstein, Jr. is entitled to recover money from Buckeye, Inc.

### V.        COURT'S CHARGE TO THE JURY

**A.        Jury Charge**
(Fifth Circuit Pattern Instructions 3.1)

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

**B.        Burden of Proof: Preponderance of the Evidence**
(Fifth Circuit Pattern Instructions 3.2)

Plaintiff Charles Bernstein, Jr. has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Charles Bernstein, Jr. has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

**C.     Evidence**
       (Fifth Circuit Pattern Instructions 3.3)

       The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

       Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of the evidence, both direct and circumstantial.

**D.     Duty to Deliberate; Notes**
       (Fifth Circuit Pattern Instructions 3.7)

       You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for Charles Bernstein, Jr. or Buckeye, Inc. in arriving at your verdict.

       It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

       Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

       When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom. Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

       If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| CHARLES BERNSTEIN, JR., <br> INDIVIDUALLY AND ON BEHALF OF <br> ALL OTHERS SIMILARLY SITUATED, <br><br> VS. <br><br> BUCKEYE, INC. | § § § § § § § § § § § | <br><br><br><br><br><br> CIVIL NO. 7:18-cv-00097-DC |

## **VERDICT FORM**

We, the jury, make the following answers to the Jury Questions propounded by the Court:

**Question Number One:**

Has Charles Bernstein, Jr. proved that he was an employee of Defendant Buckeye, Inc. during the relevant period?

Answer "Yes" or "No."

Answer:_____

**Question Number Two:**

Has Burnice Pickens proved that he was an employee of Defendant Buckeye, Inc. during the relevant period?

Answer "Yes" or "No."

Answer:_____

**Question Number Three:**

Has Roland Morgan proved that he was an employee of Defendant Buckeye, Inc. during the relevant period?

Answer "Yes" or "No."

Answer:_____

If you have answered "No" to Questions Number One, Two and Three, then STOP and do not proceed to Question Number Four.

**Question Number Four:**

Has Charles Bernstein, Jr. proved that Defendant Buckeye, Inc. failed to pay him overtime pay required by law?

Answer "Yes" or "No."

Answer:_____

**Question Number Five:**

Has Burnice Pickens proved that Defendant Buckeye, Inc. failed to pay him overtime pay required by law?

Answer "Yes" or "No."

Answer:_____

**Question Number Six:**

Has Roland Morgan proved that Defendant Buckeye, Inc. failed to pay him overtime pay required by law?

Answer "Yes" or "No."

Answer:_____

**Question Number Seven:**

Have Plaintiffs proved that Defendant Buckeye, Inc. knew that its conduct was prohibited by the FLSA or showed reckless disregard for whether the FLSA prohibited its conduct.

Answer "Yes" or "No."

Answer:_____

If you find that Defendant Buckeye, Inc. violated the FLSA, then you must determine the amount of any damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiffs have proved liability.

The amount of damages is the difference between the amount Plaintiffs should have been paid and the amount they were actually paid. Plaintiffs are entitled to recover lost wages for the two years before they filed this lawsuit, unless you find that Defendant Buckeye, Inc. either knew or showed reckless disregard for whether the FLSA prohibited its conduct. If you find that Defendant Buckeye, Inc. knew or showed reckless disregard for whether the FLSA prohibited its conduct, then Plaintiffs are entitled to recover lost wages for three years before the date they filed this lawsuit. Plaintiffs filed this lawsuit on May 30, 2018.

**Question Number Eight:**

Has Plaintiff Charles Bernstein proved that he is entitled to recover damages under the FLSA?

Answer "Yes" or "No."

Answer:_____

**Question Number Nine:**

Has Plaintiff Burnice Perkins proved that he is entitled to recover damages under the FLSA?

Answer "Yes" or "No."

Answer:_____

**Question Number Ten:**

Has Plaintiff Roland Morgan proved that he is entitled to recover damages under the FLSA?

Answer "Yes" or "No."

Answer:_____

If your answer is "Yes," you should award damages for the three-year period from May 30, 2015 to May 30, 2018. If your answer is "No," you should award damages for the two year period from May 30, 2016 to May 30, 2018.

**Question Number Eleven:**

What sum of money, if paid now in cash, would fairly and reasonably compensate Charles Bernstein, Jr. for damages, if any, you have found Buckeye, Inc. caused him?

$ _____

**Question Number Twelve:**

What sum of money, if paid now in cash, would fairly and reasonably compensate Burnice Perkins for damages, if any, you have found Buckeye, Inc. caused him?

$ _____

**Question Number Thirteen:**

What sum of money, if paid now in cash, would fairly and reasonably compensate Roland Morgan for damages, if any, you have found Buckeye, Inc. caused him?

$_____

## **FORM OF THE VERDICT**

We, the jury, have unanimously agreed to the answers to the attached questions and return such answer in open court, and under the instructions of the Court, as our verdict in this cause.

_____    _____
FOREPERSON                                                                  DATE


_____
HON. DAVID COUNTS
UNITED STATES DISTRICT JUDGE