IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| CHARLES BERNSTEIN, JR., | § | |
| INDIVIDUALLY AND ON BEHALF OF | § | |
| ALL OTHERS SIMILARLY SITUATED, | § | |
| | § | |
| | § | |
| | § | |
| VS. | § | CIVIL NO. 7:18-cv-00097-DC |
| | § | |
| | § | |
| BUCKEYE, INC. | § | |

## PLAINTIFFS' STATEMENT OF CLAIMS FOR VOIR DIRE

Buckeye claims to be a leading provider of drilling fluids and other specialized services to the oil and gas industry. To provide its services, Buckeye employed Plaintiffs as Mud Engineers that were paid a flat "day rate" but did not receive overtime for all hours worked over 40 in each work week. Plaintiffs were classified as independent contractors by Buckeye; however, Plaintiffs contend that they were misclassified and should have been treated as employees of the company.

Plaintiffs were blue-collar workers—they rely on their hands, physical skills, and energy to perform manual labor in completing their jobs. Plaintiffs routinely worked up to seven (7) days per week and typically twelve (12) hours per day. The Plaintiffs' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Buckeye and/or its clients. Virtually every job function was pre-determined by Buckeye, including the tools to use at a job site, the schedule of work, and related work duties. Plaintiffs did not set their own hours and did not control the details of the manner in which they performed their work duties. Buckeye provided all of the tools and equipment required for the Plaintiffs to perform their duties.

Respectfully submitted,

/s/ William S. Hommel, Jr.
William S. Hommel, Jr.
State Bar No. 09934250
bhommel@hommelfirm.com
HOMMEL LAW FIRM
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100
469-533-1618 Facsimile

ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on September 17, 2020.

/s/ William S. Hommel, Jr.
William S. Hommel, Jr.