FILED
MAY 03 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| CHARLES BERNSTEIN, JR.<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | NO. 7:18-CV-00097-RCG |
| BUCKEYE, INC.<br>*Defendant.* | §<br>§<br>§ | |

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in

1

FILED

MAY 03 2021

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
      DEPUTY CLERK

light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Your verdict must be based solely on the legally admissible evidence and testimony.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

## BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

Plaintiff Charles Bernstein, Jr. has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Charles Bernstein, Jr. has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

# EVIDENCE

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

# STIPULATIONS OF FACT

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

# DEMONSTRATIVE EVIDENCE

Exhibit P-11 is an illustration. It is a party's description/picture/model used to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection.

# WITNESSES

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered

in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

## IMPEACHMENT BY WITNESS'S INCONSISTENT STATEMENTS

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## NO INFERENCE FROM FILING SUIT

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit.

4

The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## FAIR LABOR STANDARDS ACT

Plaintiff Charles Bernstein, Jr. claims that Defendant Buckeye, Inc. did not pay Plaintiff Charles Bernstein, Jr. the overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA.

Defendant Buckeye, Inc. denies Plaintiff Charles Bernstein, Jr.'s claims and contends that Plaintiff Charles Bernstein, Jr. was an independent contractor, not an employee and therefore was not entitled to any overtime compensation. Additionally, Defendant Buckeye, Inc. contends that even if Plaintiff Charles Bernstein, Jr. had been classified as an employee, he was exempt from overtime wages based on the administrative employee exemption of the FLSA. Further, Defendant Buckeye, Inc. contends that Plaintiff Charles Bernstein, Jr. did not work overtime as he claims.

It is unlawful for an employer to require an employee covered by the FLSA to work more than 40 hours in a workweek without paying overtime.

To succeed on his claim, Plaintiff Charles Bernstein, Jr. must prove each of the following facts by a preponderance of the evidence:

1. Plaintiff Charles Bernstein, Jr. was an employee of Defendant Buckeye, Inc. during the relevant period; and

2. Defendant Buckeye, Inc. failed to pay Plaintiff Charles Bernstein, Jr. the overtime pay required by law.

The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. A "workweek" is a regularly recurring period of seven days or 168 hours. The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's

business. If an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for the time he worked after the first 40 hours. This is commonly known as "time-and-a-half pay" for overtime work.

To calculate how much overtime pay Plaintiff Charles Bernstein, Jr. earned in a particular week, multiply his regular rate of pay by one-and-one-half times the regular rate for all hours worked over 40 in that week.

The law requires an employer to keep records of how many hours its employees work and the amount they are paid. In this case, Plaintiff Charles Bernstein, Jr. claims that Defendant Buckeye, Inc. failed to keep and maintain adequate records of their hours worked. Plaintiff Charles Bernstein, Jr. also claims that Defendant Buckeye, Inc.'s failure to keep and maintain adequate records has made it difficult for Plaintiff Charles Bernstein Jr. to prove the exact amount of his claim.

If you find that Defendant Buckeye, Inc. failed to keep adequate time and pay records for Plaintiff Charles Bernstein, Jr. and that Plaintiff Charles Bernstein, Jr. performed work for which he should have been paid, Plaintiff Charles Bernstein, Jr. may recover a reasonable estimation of the amount of his damages. But to recover this amount, Plaintiff Charles Bernstein, Jr. must prove by a preponderance of the evidence a reasonable estimate of the amount and extent of the work for which he seeks pay.

## FLSA—EMPLOYEE OR INDEPENDENT CONTRACTOR

It is not always clear whether the law considers someone an "employee," and it is not always clear who the law considers someone's "employer." Some people perform services for others while remaining self-employed as independent contractors.

In this case, you must decide whether Plaintiff Charles Bernstein, Jr. was an employee of Defendant Buckeye, Inc. or an independent contractor. You should answer this question in light of the economic realities of the entire relationship between the parties and in light of whether Plaintiff Charles Bernstein, Jr. economically depended on Defendant Buckeye, Inc. There are a number of factors you must consider, based on all the evidence in the case. The factors are as follows:

1. How much control Defendant Buckeye, Inc. has over Plaintiff Charles Bernstein, Jr.'s work. In an employer/ employee relationship, the employer has the right to control the employee's work, to set the means and manner in which the work is done, and to set the hours of work. In contrast, an independent contractor generally must accomplish a certain work assignment within a desired time, but the details, means, and manner by which the contractor completes that assignment are determined by the independent contractor, normally using special skills necessary to perform that kind of work.

2. The relative investments made by Plaintiff Charles Bernstein, Jr. compared to Defendant Buckeye, Inc. An independent contractor generally makes a greater investment in his or her work, but an employee's investment is usually less than the employer's investment. For example, an independent contractor usually provides the tools, equipment, and supplies necessary to do the job, but an employee usually does not.

3. How much risk or opportunity Plaintiff Charles Bernstein, Jr. has. An independent contractor is generally one who has the opportunity to make a profit or faces a risk of taking a loss. But an employee is generally compensated at a predetermined rate, has no risk of loss, and has social security taxes paid by the employer.

4. The amount of skill and initiative required of Plaintiff Charles Bernstein, Jr. An independent contractor usually has a specialized skill and demonstrated initiative compared to an employee. An independent contractor may have more discretion over his or her daily tasks, and may have to take initiative to find consistent work.

5. The permanency of the relationship between Plaintiff Charles Bernstein, Jr. and Defendant Buckeye, Inc. This includes whether Plaintiff Charles Bernstein, Jr. worked exclusively for Defendant Buckeye, Inc., the total length of the relationship, and whether the work was done on a project-by-project basis. An employee typically works exclusively for one employer, has a long-term relationship, and does not work on a project-by-project basis, while an independent contractor does.

7

You should consider all the circumstances surrounding the work relationship, and no single factor determines the outcome. An individual who performs services for pay may be either an employee or an independent contractor but cannot be both at the same time.

## FLSA—EXEMPTION

In this case, Defendant Buckeye, Inc. claims that it is exempt from the FLSA's overtime provisions. To establish that it is exempt, Defendant Buckeye, Inc. must prove each of the following facts by a preponderance of the evidence:

1. Plaintiff Charles Bernstein, Jr. was compensated on a salary or fee basis at a rate of not less than $455 per week;

2. Plaintiff Charles Bernstein, Jr.'s primary duty was the performance of office or non-manual work directly related to the management or general business operations of Buckeye, Inc. or its customers; and

3. Plaintiff Charles Bernstein, Jr.'s primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

## CONSIDER DAMAGES ONLY IF NECESSARY

If Plaintiff Charles Bernstein, Jr. has proved his claim against Defendant Buckeye, Inc. by a preponderance of the evidence, you must determine the damages to which Plaintiff Charles Bernstein, Jr. is entitled. You should not interpret the fact that I am giving instructions about Plaintiff Charles Bernstein, Jr.'s damages as an indication in any way that I believe that Plaintiff Charles Bernstein, Jr. should, or should not, win this case. It is your task first to decide whether Defendant Buckeye, Inc. is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant Buckeye, Inc. is liable and that Plaintiff Charles Bernstein, Jr. is entitled to recover money from Buckeye, Inc.

## FLSA DAMAGES

If you find that Defendant Buckeye, Inc. violated the FLSA, then you must determine the amount of any damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Charles Bernstein, Jr. has proved liability.

The amount of damages is the difference between the amount Plaintiff Charles Bernstein, Jr. should have been paid and the amount he was actually paid.

## DUTY TO DELIBERATE

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom. Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will

respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.